**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Harry S. Hough, ) | Civil Action No. 9:15-cv-00190-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Carolyn W. Colvin, Commissioner ) | **ORDER** |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Harry S. Hough's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the Report and Recommendation ("Report") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

  In the Report, the Magistrate Judge recommends that the court affirm the Commissioner's final decision denying benefits. Plaintiff filed timely objections to the Report, and the Commissioner filed a response to those objections. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within fourteen days after being served a copy).

**BACKGROUND**

  Plaintiff applied for DIB and SSI on April 2, 2010, due to problems with the left side of his face and neck due to cancer surgery in that area. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),

which was held on August 23, 2013. On December 6, 2013, the ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied review, thereby making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 49 years old on the date he alleges he became disabled. He has a high school education as well as three years of college, and he has past relevant work experience as an assembly line supervisor, machine operator, fork lift operator, and assembler.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The court conducts a de novo review to those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  Id.

### II. Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 416.1520(f)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993).   The burden of production and proof remains with the claimant through the fourth step.   However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  Walls, 296 F.3d at 290.

Here, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 30, 2010, the alleged onset date.   At the second step, the ALJ found the following severe impairment: residual symptoms of cancer with pain from left ear to the "Adam's Apple."   Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that Plaintiff is unable to stand or walk for more than two hours in an eight-hour workday; Plaintiff is able to stoop, twist, crouch, kneel, crawl, balance, and climb ramps or stairs no more than occasionally; Plaintiff is unable to climb ladders, ropes, or scaffolds; Plaintiff is able to reach overhead no more than occasionally; Plaintiff must avoid unprotected heights, vibrations, and machinery with exposed, hazardous moving parts; and Plaintiff is able to tolerate an environment reasonably free from extremes of temperature and humidity.   After determining that Plaintiff is unable to perform any past relevant work, the ALJ determined that jobs exist in significant numbers in the national economy that he can perform.   Therefore, the ALJ determined that Plaintiff was not disabled pursuant to the Social Security Act.

**II.     The Parties' Briefs**

On January 14, 2015, Plaintiff filed this action seeking judicial review of the Commissioner's final decision. In his brief, Plaintiff asserts that the ALJ erred by: (1) failing to properly explain at step five of the sequential evaluation process why Plaintiff could perform light work when the ALJ's findings supported an RFC of no more than sedentary work; (2) failing to properly develop the record for Plaintiff, who was unrepresented; (3) failing to properly evaluate Plaintiff's credibility; (4) failing to properly evaluate Plaintiff's residual functional capacity ("RFC"); and (5) failing to follow the treating physician rule. The Commissioner filed a brief in response, asserting that Plaintiff's arguments are without merit and that substantial evidence supports the Commissioner's final decision.

**III.    The Magistrate Judge's Report and Plaintiff's Objections**

In the Report, the Magistrate Judge rejected each of Plaintiff's arguments and recommended that the court affirm the Commissioner's final decision. First, the Magistrate Judge found that Plaintiff was incorrect in his argument that the walking and standing limitation found by the ALJ prohibited a finding of any level of work capacity greater than sedentary. In addition, the Magistrate Judge rejected Plaintiff's argument that the ALJ's RFC finding was deficient because it "appeared out of the blue without explanation." Instead, the Magistrate Judge concluded that the ALJ properly set forth a narrative discussion of the evidence supporting the conclusion that Plaintiff had the RFC to perform a range of light work with noted exceptions, and the Magistrate Judge found no error in the ALJ's RFC analysis. Next, the Magistrate Judge disagreed with Plaintiff's argument that the ALJ conducted an improper credibility analysis. Finally, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to properly develop the record for Plaintiff, who was unrepresented at the hearing.

In his objections to the Report, Plaintiff objects that the Magistrate Judge erred by: (1) setting out the wrong standard for development of the record for an unrepresented claimant; (2) failing to require proper consideration of after-discovered evidence that the ALJ should have developed; (3) improperly evaluating the ALJ's credibility analysis and citing erroneous law with regard to unemployment benefits; and (4) improperly evaluating the ALJ's RFC analysis.  The court will address each of Plaintiff's objections in turn.

### A.     Development of the Record for an Unrepresented Claimant

As a first objection, Plaintiff contends that the Magistrate Judge erred by setting out the wrong standard for development of the record of an unrepresented claimant.   Plaintiff asserts that unrepresented claimants are "entitled to the sympathetic assistance of the ALJ to develop the record, to assume a more active role, and to adhere to a heightened sense of care and responsibility."   (ECF 15 at 2 (quoting Crider v. Harris, 624 F.2d 15, 16 (4th Cir. 1980).) Plaintiff states: "By contrast, the standard set out in the Report concludes with a statement that no principle of administrative law requires remand in quest of a perfect opinion, unless there is reason to believe that remand might lead to a different result."   (Id.)  Plaintiff complains that the Magistrate Judge's reference to the substantial evidence rule "is putting the cart before the horse." (Id.)

After consideration, the court finds Plaintiff's objection without merit.  A review of the Report indicates that the Magistrate Judge carefully and fairly considered Plaintiff's argument and determined that the transcript does not show that the ALJ displayed bias towards Plaintiff, and that there is no indication that the ALJ did not make every effort to obtain all of the medical evidence available.  As the Magistrate Judge noted, "It is unclear what else Plaintiff believes the ALJ should have done."   (ECF 14 at 23.)   Moreover, Plaintiff's assertion that the standard set forth by

the Magistrate Judge concludes with a statement that "no principle of administrative law requires remand in quest of a perfect opinion, unless there is reason to believe that remand might lead to a different result," is a bit misleading, as this quotation appears in a parenthetical quotation contained in a string citation at the conclusion of the Magistrate Judge's analysis and does not reflect the substance of the Magistrate Judge's analysis.  Ultimately, because the court agrees with the Magistrate Judge that there is no indication that the ALJ failed to fully and properly develop the record, or to otherwise provide sufficient sympathetic assistance to Plaintiff, the court overrules Plaintiff's first objection.

### B. Consideration of After-Discovered Evidence

As a second objection, which is closely related to his first objection, Plaintiff contends that the Magistrate Judge erred by failing to require proper consideration of after-discovered evidence. In addition, Plaintiff asserts that regardless of the ALJ's duty, the Appeals Council should have assessed the after-discovered evidence favorably and should have remanded the case.

This objection stems from Plaintiff's argument that the ALJ failed to obtain a "letter of disability" written by Plaintiff's treating physician, Dr. Edward Woody.[1]  First, as the Magistrate Judge noted, although the letter existed at the time of the hearing (as the letter is dated September 15, 2010), there is no indication that the ALJ did not make every effort to obtain all of the medical evidence available.  (ECF 14 at 23.)  Moreover, as the Magistrate Judge further noted, other than this one letter, the ALJ had copies of all of Dr. Woody's medical records, including the records from the date he wrote the letter, September 15, 2010.  (Id.)  On his treatment notes from that date, September 15, 2010, Dr. Woody recorded that Plaintiff "would like statement to apply for

---

[1] Plaintiff subsequently provided the letter to the Appeals Council.

disability 1 mo[nth]."  (R. at 305.)   The letter Dr. Woody wrote provides:

> Mr. Harry Hough underwent surgery at my hands on 05/26/2010 for cancer of the left tonsil with metastasis to the left neck.  He underwent an extensive set of diagnostic biopsies, including a tonsillectomy and a modified neck dissection on the left side.  He has experienced pain in the left neck radiating to the left side of the head ever since.  Postoperatively, he is undergoing radiation therapy, and at this time, has three treatments remaining.  This has also created pain sufficient to require constant medication, and he is unable to work.
>
> His discomfort and the disabilities due to the radiation are likely to continue to increase over the next three to four weeks before he might show any improvement.

(R. at 535.)   Importantly, as the Magistrate Judge noted, the information contained in the first portion of Dr. Woody's letter was included in the medical records before the ALJ at the time of the decision and was not new information.   Moreover, as the Magistrate Judge also noted, the records from Dr. Truesdale and Dr. Woody already indicated that Plaintiff would continue to experience pain and discomfort for several weeks after his radiation treatment ceased.   Furthermore, the Court agrees with the Magistrate Judge that the letter from Dr. Woody is not an opinion that Plaintiff was permanently disabled from all work activity, and ultimately, the court finds no error in the ALJ's development of the record.

Likewise, to the extent Plaintiff contends that the Appeals Council erred by failing to remand this case to the ALJ in light of Dr. Woody's letter, the court also finds no error.  As Plaintiff quoted from Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011): "Evidence is new 'if it is not duplicative or cumulative,' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'"  Here, as previously set forth, much of the information contained in Dr. Woody's September 15 letter was not "new evidence," as the information was already contained in the medical records before both the ALJ and the Appeals Council.   Moreover, the court does not believe the letter created a "reasonable possibility" of a

8

changed outcome because the information contained in the letter was not new, and because the letter was not an opinion that Plaintiff was permanently disabled from all work activity. Thus, the court finds Plaintiff's objection without merit.

### C. The ALJ's Credibility Analysis

As a third objection, Plaintiff contends that the Magistrate Judge erred in evaluating the ALJ's credibility analysis, and that the Magistrate Judge cited erroneous law with regard to unemployment benefits. Plaintiff further contends that the Magistrate Judge erred in finding Plaintiff's testimony less than credible based upon Plaintiff's admitted activities of daily living because the issue of frequency was not discussed. Lastly, Plaintiff contends the Magistrate Judge erred in failing to require the ALJ to specify reasons for discounting Plaintiff's subjective complaints of pain.

In the Report, the Magistrate Judge found that the ALJ did not commit reversible error in his evaluation of Plaintiff's credibility and subjective complaints of pain. The Magistrate Judge wrote:

> The ALJ noted in his decision that Plaintiff testified he has constant, chronic pain and spasms in the left side of his neck, with muscle spasms occurring on average twenty to twenty-five times a day, that he can stand for only ten minutes without moving, and was able to lift only fifteen pounds with his right arm and ten pounds with his left arm. However, while finding that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms Plaintiff alleged, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible for a variety of reasons. In doing so, the ALJ not only noted Plaintiff's treatment records and history; discussed herein *supra*; which fail to support the degree of limitation claimed by the Plaintiff, but also the fact that Plaintiff himself testified that he could walk up to a mile, that he was able to drive an automobile for a considerable distance, and was also able to engage in such activities as going to church and to the store, caring for a school-aged child, and raking leaves.

(ECF 14 at 18.) Thus, the Magistrate Judge found substantial evidence to support the ALJ's

conclusion that, although Plaintiff does suffer from a degree of pain and limitation, his condition is not totally disabling and is not as severe as Plaintiff testified.

The Magistrate Judge next considered the ALJ's reference to Plaintiff's testimony that he continued looking for jobs when he alleges he was disabled and his testimony that he received unemployment benefits for at least a year.  The Magistrate Judge considered Plaintiff's argument that his receipt of unemployment benefits did not in itself prove an ability to work, but ultimately the Magistrate Judge concluded that it was proper for the ALJ "to consider the inherent inconsistency between the receipt of unemployment benefits and an application for Social Security benefits *in conjunction with the totality of evidence* when assessing an individual's credibility." (ECF 14 at 20 (emphasis in original).)  Plaintiff objects to this statement, asserting that the Magistrate Judge omitted material additional provisions set out in two memoranda of the Chief Administrative Law Judge of Social Security and in Social Security Ruling 00-1c.  Specifically, Plaintiff contends that for the ALJ to consider his receipt of unemployment benefits at all, the ALJ needed to conduct a detailed inquiry as to the reasons for receipt of unemployment benefits, which Plaintiff contends did not occur here.

Here, contrary to Plaintiff's assertion, the court does not find that the ALJ implicitly held that any receipt of unemployment benefits precluded eligibility for Social Security benefits. Rather, as the Magistrate Judge noted, a review of the ALJ's decision makes it clear that the ALJ simply considered Plaintiff's receipt of unemployment benefits and his testimony that "he looked for jobs, mainly in manufacturing, drove himself or was driven by his wife to put in applications, and used the internet at the unemployment office and telephone," along with *all* of the following portions of Plaintiff's testimony: that he drove about 25 minutes to the hearing; that he went to church until about five months ago; that he drives about a mile to the store once or twice a week;

10

that he drives about 32 miles round trip to the VAMC once every month or two; that he drives an average of 10 to 12 miles a week; and that he walks a total of a mile in taking his daughter to school.  (R. at 18.)   While Plaintiff is correct that his receipt of unemployment benefits does not preclude the receipt of Social Security benefits, the court finds no error in the ALJ's consideration of this evidence *in conjunction with the totality of the evidence.*

In addition, the court finds no reversible error in the ALJ's treatment of Plaintiff's subjective complaints of pain and his determination that Plaintiff's statements were not entirely credible.  Plaintiff complains that the ALJ did not consider the frequency of his activities of daily living, but contrary to Plaintiff's assertion, the ALJ's decision specifically refers to Plaintiff's testimony that he drove to the store once or twice a week or that he drives to the VAMC every month or two, for example.   Thus, it is not clear what additional information Plaintiff believes the ALJ needed to consider.   Moreover, a review of the ALJ's decision indicates that he discounted Plaintiff's subjective complaints of pain not only based on Plaintiff's statements as to his activities of daily living, but also based on the medical evidence and Plaintiff's treatment history, which the ALJ found did not support the degree of pain and the limitations claimed by Plaintiff.   The ALJ reviewed Plaintiff's treatment notes at length, outlining both Plaintiff's complaints of pain but also Plaintiff's failure to attend scheduled appointments and multiple records indicating that Plaintiff was not in acute distress, that he had a supple neck, and that medication helped with the pain.  (R. at 17-19.)   In summary, the court agrees with the Magistrate Judge that the ALJ's reliance on Plaintiff's treatment records and history, along with Plaintiff's testimony, provides substantial evidence to support the ALJ's credibility analysis.  Accordingly, Plaintiff's objection is overruled.

### D.      The ALJ's RFC Analysis

As a final objection, Plaintiff contends that the Magistrate Judge's cumulative errors in analyzing the ALJ's duty to develop the record and the ALJ's failure to properly assess Plaintiff's credibility caused error in assessing the ALJ's RFC findings.   As previously set forth, however, the court finds no error in the Magistrate Judge's analysis of the ALJ's development of the record or his assessment of Plaintiff's credibility.   Moreover, the court finds no error in the Magistrate Judge's analysis of the ALJ's RFC findings.   Specifically, the court agrees with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that the Plaintiff could perform light work with a walking and standing restriction.   In addition, the court agrees with the Magistrate Judge that the ALJ's RFC analysis complies with Social Security Ruling 96-8p, which requires an ALJ's RFC assessment to include a narrative discussion describing and citing the evidence that supports the ALJ's conclusions.   As the Magistrate Judge noted:

> A review of the decision shows that the ALJ set forth a narrative discussion of the medical and nonmedical evidence which led him to conclude that Plaintiff had the RFC to perform the range of light work noted in the decision, specifically noting the medical treatment Plaintiff had received, the findings from his examinations, as well as the results of his physical therapy, Plaintiff's negative MRI study of March 2011, and his VA records showing that Plaintiff was in no acute distress, had a supple neck, was able to move all extremities, had no decreased range of motion, and no joint pain.

(ECF 14 at 14 (citing R. at 15, 17).)   Accordingly, Plaintiff's final objection is overruled.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 14) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 15) are overruled; and the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 27, 2016
Columbia, South Carolina